UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHERD WRIGHT, | No. 2: 15-cv-1652 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CFMG, INC., et al., | |
| Defendants. | |

Plaintiff is a prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's form complaint is signed by both plaintiff and inmate Rod Ireland.  However, the declaration submitted in support of the complaint is signed only by inmate Ireland.  The in forma pauperis application is also signed by inmate Ireland only.  Inmate Ireland has also separately filed a motion to be appointed as plaintiff's guardian ad litem.  This motion is also signed by plaintiff.

The undersigned first finds that inmate Ireland, who is not an attorney, cannot represent plaintiff in this action.  See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (privilege to represent oneself pro is personal to litigant and does not extend to other

1

parties/entities); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997) (nonattorney may appear pro se on own behalf, but has no authority to appear as an attorney for others than himself).

Rule 17(c)(2) of the Federal Rules of Civil Procedure provides that,

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The request for appointment of inmate Ireland to act as plaintiff's guardian ad litem is denied because it does not appear that inmate Ireland is qualified to act as plaintiff's guardian ad litem.

To the extent plaintiff requests appointment of a qualified ad litem, this request is denied because the request is not well supported. Plaintiff requests appointment of a guardian ad litem because he is incompetent "by reason of lack of education and mental disabilities." (ECF No. 3 at 2.) Plaintiff's lack of education does not render him incompetent. Without having additional information regarding plaintiff's mental disabilities, the court cannot determine whether plaintiff is actually incompetent. Accordingly, plaintiff's motion for appointment of a guardian ad litem is denied.

Because plaintiff Wright did not sign the declaration submitted in support of the complaint or the in forma pauperis application, both of these documents are disregarded. Plaintiff Wright is granted thirty days to file a signed amended complaint and in forma pauperis affidavit on his own behalf.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint and the in forma pauperis application (ECF Nos. 1, 2) are disregarded; plaintiff is granted thirty days to file an amended complaint and in forma pauperis application; failure to file these documents will result in a recommendation of dismissal of this action;

2. Plaintiff's motion for appointment of a guardian ad litem (ECF No. 3) is denied;

////

3. The Clerk of the Court is directed to send plaintiff Wright a form for a civil rights complaint and an application to proceed in forma pauperis for a prisoner.

Dated: August 20, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wr1652.ord