UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHERD WRIGHT, | No. 2:15-cv-1652 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CFMG, INC., et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

On August 20, 2015, the court directed plaintiff to file an amended complaint.  (ECF No. 7.)  On September 2, 2015, plaintiff filed an amended complaint.  (ECF No. 9.)  Accordingly, the undersigned screens plaintiff's amended complaint herein.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

1   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
2   the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
3   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).
4   In reviewing a complaint under this standard, the court must accept as true the allegations of the
5   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most
6   favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
7   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8       Named as defendants are the California Forensic Medical Group ("CFMG") and the
9   Solano County Jail. Plaintiff alleges that defendants provided him with inadequate medical care
10  in violation of the Eighth Amendment and state law. Plaintiff alleges that he suffers from
11  seizures. Plaintiff alleges that on June 20, 2014, while incarcerated at the Solano County Jail, he
12  felt a seizure coming on. Plaintiff pushed his cell intercom button to inform the tower officer of
13  his condition and so that medical could be notified. Plaintiff alleges that he required his
14  medication because the medication would prevent the seizure from occurring.

15      The tower officer told plaintiff that he could not hear him because the intercom was
16  broken. Plaintiff believes that the intercom was not broken. Plaintiff also alleges that the
17  intercoms are used for emergency purposes.

18      Plaintiff alleges that the tower officer did not send any staff to his cell to determine the
19  nature of plaintiff's emergency. Plaintiff alleges that eventually Floor Officer Arabia did his
20  security check. Plaintiff informed Officer Arabia of his medical needs. Plaintiff alleges that
21  "medical" responded by saying that they would bring plaintiff's medication to him at the normal
22  medication pass time. That pass time was two to three hours away.

23      Plaintiff alleges that he went on to suffer a very bad seizure as a result of not receiving his
24  medication. Plaintiff alleges that he fell and hurt his head against a metal stool during the seizure.
25  Plaintiff alleges that "medical" was called after he fell. Plaintiff alleges that when "medical"
26  finally arrived, he was given a powerful sedative to relieve the effects of the seizure and the pain
27  from the fall. Plaintiff was then taken by ambulance to an outside emergency room for treatment.
28  ////

At the outset, the undersigned finds that, for purposes of this screening order, CFMG is contracted to provide the medical services for prisoners at the Solano County Jail. See Castillo v. Solano County Jail, 2011 WL 3584318, at * 7 (E.D. Cal. 2011).

"While local governments may be sued under § 1983, they cannot be held vicariously liable for their employees' constitutional violations." Gravelet–Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013). Instead, a municipality may only be held liable under § 1983 if the execution of its policy, custom, or practice caused a municipal employee to violate an individual's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978). To establish municipal liability, a plaintiff must demonstrate that: (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to a deliberate indifference to his constitutional rights; and (4) the custom or policy was the moving force behind the constitutional violation. Mabe v. San Bernardino County, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

"[T]he Monell policy or custom requirement applies in suits against private entities [such as defendant CFMG] performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates." Buckner v. Toro, 116 F.3d 450, 453 (11th Cir. 1997); see also Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003) ("Although the Supreme Court's interpretation of § 1983 in Monell applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the Monell doctrine to private § 1983 defendants.")

In the instant case, plaintiff has not demonstrated that his failure to receive medical care was a result of a policy or custom of either CFMG or the Solano County Jail. For that reason, plaintiff's complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he may name as defendants those individuals who allegedly denied him medical care, such as the tower officer or the medical staff who told plaintiff that he would have to wait to receive his medication until the normal medication pass time, despite being allegedly aware that plaintiff was about to suffer a seizure.

////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act,

the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 25, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wr1652.14

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RICHERD WRIGHT, | No. 2: 15-cv-1652 KJN P P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| CFMG, INC., et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

    _____    Amended Complaint

DATED:

    _____
    Plaintiff